IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

NATHAN L. OWENS                                                                           PLAINTIFF

vs.                                       Civil No. 6:23-cv-06036

COMMISSIONER, SOCIAL                                                                      DEFENDANT
SECURITY ADMINISTRATION

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Nathan L. Owens ("Plaintiff") brings this *pro se* action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his request for Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB") under Titles II and XVI of the Act for the period he was institutionalized.  Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2009), the Susan O. Hickey referred this case to this Court for the purpose of making a report and recommendation.

With this case, only one narrow issue is raised: whether Plaintiff was entitled to SSI and DIB benefits during the time he was institutionalized.  ECF No. 14.  Plaintiff was institutionalized at the Arkansas State Hospital from November 7, 2019 until September 2, 2020.[1]  (Tr. 380-381).  This is undisputed.  During that time, he received no disability benefits, either SSI or DIB.  Plaintiff claims this was improper, and he is entitled to those disability benefits as past-due benefits.  ECF No. 14.

---

[1] Plaintiff was previously charged with aggravated assaulted and terroristic threatening in the first degree.  He was acquitted of these charges on the grounds of mental disease or defect and was conditionally released to the Arkansas State Hospital on September 2, 2015.  (Tr. 361-362).  The Circuit Court of Faulkner County, Arkansas revoked Plaintiff's conditional release and ordered him into the custody of the Arkansas State Hospital on November 1, 2019.  (Tr. 380-381).

However, under the SSA regulations, Plaintiff was clearly not entitled to disability benefits (either SSI or DIB) during the time he was institutionalized. *See* 20 C.F.R. §§ 404.468(c), 416.201, 416.211, and 416.1325. Thus, Plaintiff cannot recover these past-due benefits, and substantial evidence supports the ALJ's decision denying benefits during that time-period. Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and recommends it be **AFFIRMED.**

**The Parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The Parties are reminded that objections must be both timely and specific to trigger** *de novo* **review by the district court.** *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).

**ENTERED this 5th day of December 2023.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE